IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Vicki Lynn Franks, )
)
        Plaintiff, )
)
v. ) Civil Action No. 3:09-1012-SB
)
Michael J. Astrue, Commissioner )
of Social Security Administration, ) **ORDER**
)
        Defendant. )
_____)



This is an action brought pursuant to Section 205(g) of the Social Security Act, codified at 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied the Plaintiff's claim for benefits. In this action, the Plaintiff argues that the Commissioner failed to: (1) properly consider the effects of her non-severe impairments on her residual functional capacity ("RFC"); (2) properly consider medical source opinions that were inconsistent with the administrative law judge's ("ALJ") RFC assessment; and (3) pose a complete hypothetical question to the vocational expert ("VE").

The record includes a Report and Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a). In the R&R, the Magistrate Judge determined that although the ALJ properly considered the majority of the Plaintiff's non-severe impairments (including her sleep disorder, chronic fatigue, chronic pain, Epstein Barr virus, and Parvovirus), it does not appear that he fully considered the Plaintiff's migraine headaches in assessing her RFC. In addition, the Magistrate Judge determined that it was

not possible to determine whether the ALJ posed a complete hypothetical question to the VE based on his failure to consider the Plaintiff's migraine headaches in determining her RFC. Next, the Magistrate Judge determined that substantial evidence did not support the ALJ's decision to give no weight to the opinions of Drs. West and Naylor, two of the Plaintiff's treating physicians. The Magistrate Judge noted that it was unclear whether the ALJ considered the factors outlined in 20 C.F.R. § 404.1527, and the Magistrate Judge further noted that the ALJ did not mention Dr. Lucas, the Plaintiff's neurologist, in his decision. Ultimately, the Magistrate Judge found that the ALJ's decision was not supported by substantial evidence, and therefore, he recommended that the Court remand the matter to the Commissioner to consider all of the Plaintiff's non-severe impairments in determining her RFC; to fully consider the opinions of the Plaintiff's treating physicians and psychologist (Drs. Naylor, West, and Lucas); and to pose a complete hypothetical to the VE.

The Commissioner filed timely objections to the R&R. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to an R&R within fourteen days after being served with a copy). In his objections, the Commissioner asserts that the ALJ properly considered the Plaintiff's migraine headaches in determining her RFC and also properly considered (and discounted) the opinions of Drs. West, Naylor, and Lucas. Ultimately, the Commissioner contends that the ALJ's decision was supported by substantial evidence, and he urges the Court to decline to adopt the R&R.

After a thorough review of the record, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. First, with respect to the Plaintiff's complaint that the ALJ failed to consider all of her non-severe impairments in assessing her RFC, the Court agrees with the Magistrate Judge that,

contrary to the Plaintiff's claim, the ALJ did properly consider the majority of her non-severe impairments, including her sleep disorder, chronic fatigue, chronic pain, Epstein Barr virus, and Parvovirus. Nevertheless, the Court also agrees with the Magistrate Judge that it does not appear that the ALJ fully considered the Plaintiff's migraine headaches. In other words, although the ALJ mentioned the Plaintiff's migraine headaches (Tr. at 17) and noted that the Plaintiff was diagnosed with bilateral occipital neuralgia in January of 2008 (Tr. at 18), it is not clear from the decision as it is written whether the ALJ actually considered the Plaintiff's treatment for her migraines or her testimony that she suffered from migraines lasting at least 24 hours at least once a week. Thus, the Court agrees with the Magistrate Judge that this action should be remanded for the ALJ to specifically consider, in conjunction with all of the Plaintiff's other non-severe impairments, the medical evidence and testimony related to the Plaintiff's migraine headaches.[1]

Next, the Court also agrees with the Magistrate Judge that the ALJ failed to properly articulate his reasons for discounting the opinions of Drs. West and Naylor, two of the Plaintiff's treating physicians. Moreover, the Court agrees with the Magistrate Judge that although the ALJ may have referenced exhibits containing the opinions of Dr. Lucas, the decision does not include any discussion of Dr. Lucas's long-term treatment of the Plaintiff. Here, the Court recognizes that the ALJ is not required to perform a ritualistic discussion of each factor listed in 20 C.F.R. § 404.1572(d)(2), and the Court also recognizes that the ALJ is not bound by conclusory opinions of disability, even those opinions provided by

---

[1] As the Magistrate Judge noted, because it is unclear what the Plaintiff's RFC would be with a proper consideration of the Plaintiff's migraines, it is impossible to determine at this time whether the ALJ's hypothetical question to the VE properly accounted for all of the Plaintiff's impairments.

treating physicians. Nevertheless, the Court is not willing to speculate as to whether the ALJ in fact properly considered the relevant factors in discounting the Plaintiff's treating physicians' opinions. Likewise, the Court is not willing to speculate as to the true reasons behind the ALJ's decision to discount these physicians' opinions. Thus, although the ALJ *may have* properly considered the relevant factors and *may have* had appropriate reasons in discounting the physicians' opinions (as the Commissioner argues in his objections), the Court agrees with the Magistrate Judge that the ALJ must be more specific when discounting a treating physician's opinion. Stated differently, without a specific articulation of the reasons behind the ALJ's decision, the Court cannot properly determine whether that decision is supported by substantial evidence.

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 11) is adopted and incorporated herein by specific reference; the Commissioner's objections (Entry 12) are overruled; and this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Commissioner for further administrative action as indicated.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

September 24, 2010
Charleston, South Carolina